**E-FILED**
Tuesday, 04 August, 2009  01:27:36 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT OF
## THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROGER BAKER, | ) | |
| 609E 2600N Road | ) | |
| Deland, IL 61839 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. |
| | ) | |
| | ) | |
| ILLINOIS CENTRAL RAILROAD | ) | |
| COMPANY d/b/a CANADIAN | ) | |
| NATIONAL/ILLINOIS CENTRAL | ) | |
| RAILROAD COMPANY | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| SERVE:   CT Corporation | ) | |
| Registered Agent | ) | |
| 208 S. LaSalle St., #814 | ) | |
| Chicago, IL 60604 | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

## COUNT I
### (Negligence)

COMES NOW Plaintiff, Roger Baker, by and through his attorneys, O'Brien Chod,

L.L.C. and for his Complaint against the Defendant, Illinois Central Railroad Company d/b/a

Canadian National/Illinois Central Railroad Company, states the following:

1.     That at all times herein, Plaintiff was and is a resident of the State of Illinois.

2.     That at all times herein Defendant, Illinois Central Railroad Company d/b/a

Canadian National/Illinois Central Railroad Company ("CN/IC"), was and is a corporation

organized and existing according to law, conducting business as a common carrier by railroad in

and through interstate commerce with facilities, tracks and employees located in and through

several states, including the State of Illinois.  At the time of commencement of this action,

Defendant received, accepted and transported various shipments of freight in and through the

State of Illinois, including both intrastate and interstate commerce, and maintained offices and

agents for the transaction of its business in said State.

3.     That at all times material herein, Defendant, CN/IC, was an interstate carrier by

rail and was engaged in interstate transportation and commerce; that from approximately October

2, 1975 through the present, Plaintiff was and has been employed by Defendant and/or one of

Defendant's predecessor railroads as a switchman, brakeman and/or conductor in and out of the

state of Illinois and as such, was working and engaged in interstate transportation and commerce

at the time of the occurrences hereinafter set forth, and at such times was working in the

furtherance of Defendant CN/IC's interstate commerce, and in work which directly, closely and

substantially affected the general interstate commerce carried on by said Defendant as a railroad.

4.     That on or about March 5, 2009, while working in the course and scope of his

railroad employment with Defendant in and around Mt. Pulaski, Illinois, Plaintiff seriously

injured his right hip, right lower extremity and back and spine while descending from a

locomotive engine on unstable ground.

5.     That this Honorable Court has jurisdiction over Defendant CN/IC pursuant to the

Federal Employers' Liability Act ("FELA"), 45 U.S.C.§ 51, et seq., and that Plaintiff has

commenced this action in a timely manner pursuant to 45 U.S.C. § 56.

6.     That pursuant to the FELA, 45 U.S.C. § 51, et seq., Defendant CN/IC had a duty

to provide Plaintiff with a reasonably safe place to work, reasonably safe equipment and

appliances, reasonably safe locomotives, and a duty to exercise ordinary care in connection with

the maintenance, management and inspection of its properties, facilities, locomotives, appliances

and equipment Plaintiff was required to work at and with Defendant.

       7.     That Defendant CN/IC breached its aforementioned duties of care, and was

negligent in one or more of the following particulars:

         (a)     Defendant failed to provide Plaintiff with a reasonably safe place to work;

         (b)     Defendant failed to provide Plaintiff with reasonably safe conditions to
work;

         (c)     Defendant failed to provide Plaintiff with reasonably safe equipment and
appliances for work;

         (d)     Defendant failed to warn and/or adequately warn Plaintiff of the unsafe
conditions;

         (e)     Defendant allowed and permitted a dangerous and/or hazardous condition
to exist at the location where Plaintiff was required to work;

         (f)     Defendant failed to adopt, implement, install enforce and/or carry out safe
customs, methods, procedures and practices for inspecting, maintaining,
and/or repairing the area where Plaintiff was injured;

         (g)     Defendant failed to comply with Illinois Administrative Code, Title 92,
Chapter III, Subchapter c, Part 1546, et seq.; and/or

         (h)     Defendant failed to comply with 49 C.F.R. 213.

       8.     That Plaintiff's injuries were due, in whole or in part, to one or more of Defendant

CN/IC's aforementioned negligent acts or omissions, as well as other acts of negligence, in

violation of the FELA, 45 U.S.C.§ 51, et seq.

9.      That as a result of one or more of the Defendant's aforementioned negligent acts or omissions, in whole or in part, Plaintiff sustained serious injuries and/or aggravation, acceleration and/or exacerbation of pre-existing conditions to his right hip, right lower extremity and back and spine with injuries, bruising, straining, spraining, tearing, twisting and herniation and to the soft tissues, ligaments, tendons, muscles, cartilages, discs, bones, blood vessels, and nerves of his right hip, right lower extremity and back and spine, all of which have resulted in severe pain, limitation of motion, loss of function, sensory changes, neurological damage, dysfunction and scaring, resulting in Plaintiff suffering great bodily and emotional pain and damages, as well as loss of enjoyment of life, and Plaintiff will continue to suffer such pain and damages in the future.

10.     That as a result of one or more of the Defendant's aforementioned negligent acts or omissions, in whole or in part, Plaintiff he has sought and received medical, hospital, surgical, and therapeutic care and treatment and will continue to receive such additional care and treatment in the future; that he has expenses for his medical, hospital, surgical, and therapeutic care and treatment and will continue to incur such additional expenses in the future; and that he has sustained a substantial loss of wages and fringe benefits in the past and will continue to sustain a loss of wages and fringe benefits into the future; all to his damage.

11.     Plaintiff further states that as a direct result of the foregoing his ability to work and labor has been impacted and impaired.

WHEREFORE, Plaintiff Roger Baker respectfully prays that judgment be entered against Defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company, on Count I of his Complaint in an amount that is fair and reasonable for the damages

and losses suffered, together with all costs and disbursements, all in excess of Seventy Five Thousand Dollars ($75,000.00).

## COUNT II

12.    Plaintiff re-alleges, restates and incorporates herein by reference as though fully set verbatim at this point the allegations of Paragraphs (1) through (3) and Paragraphs (5) and (6) of Count I of Plaintiff's Complaint.

13.    That throughout the course and scope of the Plaintiff's railroad employment with Defendant, Plaintiff was furnished and required to work on, in and operate locomotives with inadequate, unsupportive, and/or defective cab seats and/or suspension systems, resulting in significant and excessive motion, lateral motion, and vibration to the Plaintiff which subjected Plaintiff to continuous, frequent and/or repetitive stress, strain, impact, jarring, thrusting, bouncing, vibration and whole-body vibration; that Plaintiff was required to work on, in and operate locomotives with engine cabs and seats requiring Plaintiff to perform his work in twisted, awkward, bent forward, contorted and/or ergonomically unsound and compromised positions; that Plaintiff was required to work on, in and operate locomotives for long distances over defective, deteriorating rough, and/or worn tracks; that Plaintiff was required to perform his work which involved operating, throwing, pushing and/or pulling difficult, stuck, defective and/or inadequate railroad track switches and hand brakes; that Plaintiff had to lift, move, handle and/or carry heavy objects, tools and/or equipment; that Plaintiff was required to repetitively climb up and down ladders; mount and dismount moving equipment; hold onto and hang off of railcars; walk and work on unstable, loose, large and excessively large ballast and rock; and otherwise

engage in work activities which resulted in the continuous, frequent and/or repetitive traumatic and cumulative traumatic exposes to Plaintiff's spine and bilateral lower extremities.

14.    That Defendant CN/IC breached its aforementioned duties of care, and was negligent in one or more of the following particulars:

(a)    Defendant failed to provide Plaintiff with a reasonably safe place to work;

(b)    Defendant failed to provide Plaintiff with reasonably safe conditions and methods for work;

(c)    Defendant failed to provide Plaintiff with reasonably safe equipment;

(d)    Defendant failed to maintain its tracks in a reasonably safe condition;

(e)    Defendant failed to maintain its tools and/or equipment in a reasonably safe condition;

(f)    Defendant failed to warn and/or properly warn Plaintiff;

(g)    Defendant allowed and permitted dangerous and/or hazardous conditions to exist with which its employees were required to work;

(h)    Defendant failed to adopt, implement, install enforce and/or carry out safe customs, methods, procedures and practices for inspecting, maintaining, and/or repairing its equipment, appliances, tools, tracks and/or locomotives;

(i)    Defendant failed to warn, educate and advise and/or adequately warn, educate and/or advise Plaintiff that whole-body vibration and excessive lateral and vertical motion related to the operation of Defendant's locomotives could cause harm;

(j)    Defendant allowed, required and permitted dangerous and/or hazardous

work methods and procedures to exist of which its employees were
required to engage in while performing work for Defendant.

15.    That Plaintiff's injuries were due, in whole or in part, to one or more of Defendant
CN/IC's aforementioned negligent acts or omissions, as well as other acts of negligence, in
violation of the FELA, 45 U.S.C. § 51, et seq.

16.    That as a result of one or more of the Defendant's aforementioned negligent acts or
omissions, in whole or in part, Plaintiff sustained injuries and will continue to suffer injuries
and/or aggravation, acceleration and/or exacerbation of pre-existing conditions to his spine and
bilateral lower extremities, with vibration, injuries, bruising, straining, spraining, tearing, twisting
and herniation and to the soft tissues, ligaments, tendons, muscles, cartilages, discs, bones, blood
vessels, and nerves of his spine and bilateral lower extremities, all of which have resulted in
severe pain, limitation of motion, loss of function, sensory changes, neurological damage,
dysfunction and scaring, resulting in Plaintiff suffering great bodily, mental, psychological and
emotional pain and damages, as well as loss of enjoyment of life, and Plaintiff will continue to
suffer such pain, mental anguish and anxiety in the future.

17.    That as a result of one or more of the Defendant's aforementioned negligent acts or
omissions, in whole or in part, Plaintiff he has sought and received medical, hospital, surgical, and
therapeutic care and treatment and will continue to receive such additional care and treatment in
the future; that he has expenses for his medical, hospital, surgical, and therapeutic care and
treatment and will continue to incur such additional expenses in the future; and that he has
sustained a substantial loss of wages and fringe benefits and will continue to sustain a loss of
wages and fringe benefits into the future; all to his damage.

18.    Plaintiff further states that as a direct result of the foregoing his ability to work and labor has been and will forever be seriously impaired, diminished, lessened and lost.

19.    Less than three (3) years before this action was filed, Plaintiff discovered that he suffered from occupationally caused disabling cumulative trauma disorders to his bilateral lower extremities, neck, back, spine, bilateral upper extremities and bilateral shoulders as a result of exposures to occupational cumulative trauma, and until such time, Plaintiff was reasonably ignorant as to same.

WHEREFORE, Plaintiff Roger Baker respectfully prays that judgment be entered against Defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company, on Count II of his Complaint in an amount that is fair and reasonable for the damages and losses suffered, together with all costs and disbursements, all in excess of Seventy Five Thousand Dollars ($75,000.00).

## COUNT III
### (Violation of Locomotive Inspection
### Act, 49 U.S.C. 20701 *et seq.*)

20.    Plaintiff re-alleges, restates and incorporates herein by reference as though fully set verbatim at this point the allegations of Paragraphs (1) through (3) and Paragraphs (5) and (6) of Count I of Plaintiff's Complaint.

21.    That pursuant to the Locomotive Inspection Act, 49 U.S.C. § 20701 et seq, Defendant CN/IC owed a duty to the Plaintiff and Defendant breached its duty of care and was negligent in one or more of the following particulars:

(a)    Defendant permitted the use of locomotives on its lines that produced significant and excessive lateral motion, in violation of 49 C.F.R. § 229.7

(a)(1) and (2), .9, .45, and .63;

(b)    Defendant permitted the use of locomotives on its lines which were not in

proper condition and safe to operate in the service to which it was put, in

violation of 49 C.F.R. § 229.7 (a)(1) and (2), .9, .45, and .63;

(c)    Defendant permitted the use of locomotives on its lines that had not been

adequately and/or properly inspected, in violation of 49 C.F.R. § 229.23;

(d)    Defendant permitted the use of locomotives on its lines that were not free

of conditions that endangered the safety of the crew, including Plaintiff, in

violation of 49 C.F.R. § 229.45;

(e)    Defendant failed to monitor, test and/or reduce the levels of whole-body

vibration and/or lateral motion related to the operation of its locomotives;

(f)    Defendant failed to provide adequate seating in its locomotive cabs; and

(g)    Defendant failed to warn and/or adequately warn Plaintiff that the whole-

body vibration and/or lateral motion vibration exposure levels

experienced by Plaintiff when in and/or operating locomotives could

cause harm.

22.    That Plaintiff's injuries were due, in whole or in part, to one or more of Defendant

CN/IC's aforementioned negligent acts or omissions, as well as other acts of negligence, in

violation of the Locomotive Inspection Act, 49 U.S.C. § 20701 et seq.

23.    That as a result of one or more of the Defendant's aforementioned negligent acts

or omissions, in whole or in part, Plaintiff sustained and will continue to suffer injuries and/or

aggravation, acceleration and/or exacerbation of pre-existing conditions to his spine and bilateral

lower extremities, with vibration, injuries, bruising, straining, spraining, tearing, twisting and

herniation and to the soft tissues, ligaments, tendons, muscles, cartilages, discs, bones, blood

vessels, and nerves of his spine and bilateral lower extremities, all of which have resulted in

severe pain, limitation of motion, loss of function, sensory changes, neurological damage,

dysfunction and scaring, resulting in Plaintiff suffering great bodily, mental, psychological and

emotional pain and damages, as well as loss of enjoyment of life, and Plaintiff will continue to

suffer such pain, mental anguish and anxiety in the future.

24.    That as a result of one or more of the Defendant's aforementioned negligent acts

or omissions, in whole or in part, Plaintiff he has sought and received medical, hospital, surgical,

and therapeutic care and treatment and will continue to receive such additional care and

treatment in the future; that he has expenses for his medical, hospital, surgical, and therapeutic

care and treatment and will continue to incur such additional expenses in the future; and that he

has sustained a substantial loss of wages and fringe benefits and will continue to sustain a loss of

wages and fringe benefits into the future; all to his damage.

25.    Plaintiff further states that as a direct result of the foregoing his ability to

work and labor has been and will forever be seriously impaired, diminished, lessened and lost.

26.    Less than three (3) years before this action was filed, Plaintiff discovered that he

suffered from occupationally caused disabling cumulative trauma disorders to his spine and

bilateral lower extremities as a result of exposures to occupational cumulative trauma, and until

such time, Plaintiff was reasonably ignorant as to same.

WHEREFORE, Plaintiff Roger Baker respectfully prays that judgment be entered against

Defendant, Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad

Company, on Count III of his Complaint in an amount that is fair and reasonable for the damages

and losses suffered, together with all costs and disbursements, all in excess of Seventy Five

Thousand Dollars ($75,000.00).

**PLAINTIFF DEMANDS TRIAL BY JURY**

O'BRIEN CHOD, L.L.C.


/s/ Patrick S. O'Brien_____
PATRICK S. O'BRIEN #3127549
JEFFREY E. CHOD, #6287915
326 South 21st Street, Suite 306
St. Louis, Missouri  63103
(314) 621-7474 Telephone
(314) 621-7476 Facsimile
pobrien@obrienchod.com
jchod@obrienchod.com

ATTORNEYS FOR PLAINTIFF

©JS 44  (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

Roger Baker

**DEFENDANTS**

Illinois Central Railroad Company d/b/a Canadian National/Illinois Central Railroad Company

**(b)**  County of Residence of First Listed Plaintiff    Piatt
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Cook
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Patrick S. O'Brien, O'Brien Chod, LLC, 326 South 21st Street, Suite 306, St. Louis, MO  63103, 314-621-7474

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

❏ 1   U.S. Government
         Plaintiff

☒ 3   Federal Question
         (U.S. Government Not a Party)

❏ 2   U.S. Government
         Defendant

❏ 4   Diversity
         (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                                         and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ❏ 1 | Incorporated *or* Principal Place of Business In This State | ❏ 4 | ☒ 4 |
| Citizen of Another State | ❏ 2 | ❏ 2 | Incorporated *and* Principal Place of Business In Another State | ❏ 5 | ❏ 5 |
| Citizen or Subject of a Foreign Country | ❏ 3 | ❏ 3 | Foreign Nation | ❏ 6 | ❏ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ❏ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ❏ 610 Agriculture | ❏ 422 Appeal 28 USC 158 | ❏ 400 State Reapportionment |
| ❏ 120 Marine | ❏ 310 Airplane | ❏ 362 Personal Injury - | ❏ 620 Other Food & Drug | ❏ 423 Withdrawal | ❏ 410 Antitrust |
| ❏ 130 Miller Act | ❏ 315 Airplane Product | Med. Malpractice | ❏ 625 Drug Related Seizure | 28 USC 157 | ❏ 430 Banks and Banking |
| ❏ 140 Negotiable Instrument | Liability | ❏ 365 Personal Injury - | of Property 21 USC 881 | | ❏ 450 Commerce |
| ❏ 150 Recovery of Overpayment | ❏ 320 Assault, Libel & | Product Liability | ❏ 630 Liquor Laws | **PROPERTY RIGHTS** | ❏ 460 Deportation |
| & Enforcement of Judgment | Slander | ❏ 368 Asbestos Personal | ❏ 640 R.R. & Truck | ❏ 820 Copyrights | ❏ 470 Racketeer Influenced and |
| ❏ 151 Medicare Act | ☒ 330 Federal Employers' | Injury Product | ❏ 650 Airline Regs. | ❏ 830 Patent | Corrupt Organizations |
| ❏ 152 Recovery of Defaulted | Liability | Liability | ❏ 660 Occupational | ❏ 840 Trademark | ❏ 480 Consumer Credit |
| Student Loans | ❏ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ❏ 490 Cable/Sat TV |
| (Excl. Veterans) | ❏ 345 Marine Product | ❏ 370 Other Fraud | ❏ 690 Other | | ❏ 810 Selective Service |
| ❏ 153 Recovery of Overpayment | Liability | ❏ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ❏ 850 Securities/Commodities/ |
| of Veteran's Benefits | ❏ 350 Motor Vehicle | ❏ 380 Other Personal | ❏ 710 Fair Labor Standards | ❏ 861 HIA (1395ff) | Exchange |
| ❏ 160 Stockholders' Suits | ❏ 355 Motor Vehicle | Property Damage | Act | ❏ 862 Black Lung (923) | ❏ 875 Customer Challenge |
| ❏ 190 Other Contract | Product Liability | ❏ 385 Property Damage | ❏ 720 Labor/Mgmt. Relations | ❏ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ❏ 195 Contract Product Liability | ❏ 360 Other Personal | Product Liability | ❏ 730 Labor/Mgmt.Reporting | ❏ 864 SSID Title XVI | ❏ 890 Other Statutory Actions |
| ❏ 196 Franchise | Injury | | & Disclosure Act | ❏ 865 RSI (405(g)) | ❏ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ❏ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ❏ 892 Economic Stabilization Act |
| ❏ 210 Land Condemnation | ❏ 441 Voting | ❏ 510 Motions to Vacate | ❏ 790 Other Labor Litigation | ❏ 870 Taxes (U.S. Plaintiff | ❏ 893 Environmental Matters |
| ❏ 220 Foreclosure | ❏ 442 Employment | Sentence | ❏ 791 Empl. Ret. Inc. | or Defendant) | ❏ 894 Energy Allocation Act |
| ❏ 230 Rent Lease & Ejectment | ❏ 443 Housing/ | **Habeas Corpus:** | Security Act | ❏ 871 IRS—Third Party | ❏ 895 Freedom of Information |
| ❏ 240 Torts to Land | Accommodations | ❏ 530 General | | 26 USC 7609 | Act |
| ❏ 245 Tort Product Liability | ❏ 444 Welfare | ❏ 535 Death Penalty | **IMMIGRATION** | | ❏ 900Appeal of Fee Determination |
| ❏ 290 All Other Real Property | ❏ 445 Amer. w/Disabilities - | ❏ 540 Mandamus & Other | ❏ 462 Naturalization Application | | Under Equal Access |
| | Employment | ❏ 550 Civil Rights | ❏ 463 Habeas Corpus - | | to Justice |
| | ❏ 446 Amer. w/Disabilities - | ❏ 555 Prison Condition | Alien Detainee | | ❏ 950 Constitutionality of |
| | Other | | ❏ 465 Other Immigration | | State Statutes |
| | ❏ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1   Original
         Proceeding

❏ 2   Removed from
         State Court

❏ 3   Remanded from
         Appellate Court

❏ 4   Reinstated or
         Reopened

❏ 5   Transferred from
         another district
         (specify)

❏ 6   Multidistrict
         Litigation

❏ 7   Appeal to District
         Judge from
         Magistrate
         Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
45 U.S.C Sec. 51

Brief description of cause:
Railroad Employee Personal Injury Claim

## VII. REQUESTED IN COMPLAINT:

❏  CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
> $ 75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:     ☒ Yes    ❏ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse  (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

I.        **(a) Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

           (b) County of Residence.  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

           (c) Attorneys.  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.       **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked.  (See Section III below; federal question actions take precedence over diversity cases.)

III.      **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

IV.      **Nature of Suit.**  Place an "X" in the appropriate box.  If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit.  If the cause fits more than one nature of suit, select the most definitive.

V.       **Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.  When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment.  (7) Check this box for an appeal from a magistrate judge's decision.

VI.      **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity**.  Example:             U.S. Civil Statute: 47 USC 553
                                                                                          Brief Description: Unauthorized reception of cable service

VII.     **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.**  This section of the JS 44 is used to reference related pending cases if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature**.  Date and sign the civil cover sheet.